AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: John K. Neal | | Telephone: (313) 670-7539 |
| Special Agent: Jacob Piazza | | Telephone: (313) 268-5401 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.

AVA NATHAN

Case No.  Case: 2:21−mj−30126
Assigned To : Unassigned
Assign. Date : 3/15/2021
USA V. NATHAN (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __2014 - 2016__ in the county of __Macomb__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 7206(1) | Making and subscribing to false tax returns in her own name |
| 26 U.S.C. § 7206(2) | Aiding and assisting in the preparation of false tax returns |

I hereby certify that the foregoing is a certified copy of the original on file in this office.
**Clerk, U.S. District Court**
**Eastern District of Michigan**
By: s/Carolyn Ciesla
Deputy

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Jacob Piazza*
*Complainant's signature*

Jacob Piazza, Special Agent - U.S. Department of Treasury
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: March 15, 2021

City and state: Detroit, MI

*Judge's signature*

Patricia T. Morris, U.S Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jacob Piazza, being first duly sworn, herby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service – Criminal Investigation Division ("IRS-CI") assigned to the Detroit, Michigan field office. I have been employed as a Special Agent in this capacity since December of 2001. My responsibilities include the investigation of criminal violations of the Internal Revenue laws (Title 26 of the United States Code [U.S.C.]), the Bank Secrecy Act (Title 31 of the U.S.C.), the Money Laundering Control Act (Title 18 U.S.C. §§ 1956 and 1957), and related offenses.

2. I have completed extensive training at the U.S. Federal Law Enforcement Training Center in Glynco, Georgia. This training covered all aspects of financial investigation, including search and seizure, violations of the Internal Revenue Laws, and Internal Revenue Service policies and procedures. I have also attended continuing professional education classes covering various aspects of financial investigations, including but not limited to tax fraud, money laundering, asset forfeitures, identity theft, and digital currencies.

3. During the course of my employment as a Special Agent with the IRS, I have directed or assisted in investigations concerning tax violations. I have received training and gained experience in analyzing personal and business documents and records, and in analyzing direct and indirect relationships between various types of personal and business records and documents, tax returns, and legal and illegal businesses and activities. These investigations focused on individuals deriving income from legal and illegal sources.

4. This affidavit is based on my personal knowledge as well as information obtained from documents, electronic databases, witnesses, and other law enforcement agents involved in this investigation. The information contained in this affidavit is provided for the purpose of establishing probable cause for a criminal complaint, and thus, it does not contain all the details of the case known to me.

## Case Origination

5. The case originated from the Southern Area Scheme Development Center (SDC) at the Kansas City POD. The SDC referred AVA NATHAN to criminal investigation for tax years 2014, and 2015 based on several factors including: the high percentage of clients

receiving refunds, false and/or questionable Schedule C's and Education Credits. The SDC provided the following percentages for NATHAN's clients:

|  | 2014 | 2015 |
|---|---|---|
| Refund percent | (264/282) 93% | (334/348) 96%. |
| Education credits | (178/282) 63% | (186/348) 53% |
| Schedule C business | (236/282) 84% | (236/348) 69% |

## Probable Cause Title 26 7206(2)

### Investigation

6. Twenty individuals were interviewed regarding the information filed on their 2014, 2015, and 2016 federal income tax returns. These twenty individuals accounted for fifty-four federal income tax returns. All of the witnesses stated they went to NATHAN's office, dropped off or faxed their tax records or sent images of their tax documents to NATHAN directly for her to prepare their federal income tax returns.

7. Forty-nine of the fifty-four tax returns included in this report contained fraudulent Schedule C businesses. Forty-four of the tax returns were filed with Schedule C businesses created by NATHAN. The taxpayers stated they did not operate and did not provide business information to NATHAN. Five of the forty-nine tax returns were

3

filed for individuals that operated a business but did not incur the losses reported on their tax returns. The witnesses stated they did not provide NATHAN the amounts or documents for the false Schedule C's or inflated expenses but did provide documentation for the Schedule C business income. The witnesses stated that NATHAN included the fraudulent Schedule C's, inflated expenses and omitted the unreported business income on their returns without their knowledge.

8. Witness KW was interviewed regarding his 2014, 2015, and 2016 tax returns prepared by AVA NATHAN. During the three years, NATHAN created businesses and reported losses on KW's federal income tax returns without his knowledge. NATHAN reported the following businesses and loss amounts: 2016 new car dealer (-20,839), 2015 courier (-20,137), 2014 real estate (-14,563). KW stated he did not operate any of these businesses and did not provide any documentation or statements to NATHAN regarding the businesses. KW did not provide any of the expenses listed on the Schedule C for these businesses and they were created by NATHAN.

4

9. Eight tax returns contained fraudulent charitable contributions claimed on their federal income tax returns. The five witnesses (CB, SB, AB, NC, FC) stated the amounts claimed were false or inflated.

10. Witness AB was interviewed by Special Agents regarding the tax returns prepared by AVA NATHAN. NATHAN prepared 2014, 2015, and 2016 federal income tax returns for witness AB. Witness stated regarding her 2016 federal income tax return, Schedule A, for charitable contributions she provided NATHAN with a document which stated her charitable contributions were $1,230 from church and $26 in payroll contributions. NATHAN had reported $9,725 in charitable contributions. Regarding the 2015 federal income tax return filed by NATHAN, witness AB stated she provided NATHAN with documents for her charitable donations of $1,500 to church and $27 in payroll donations. Witness AB stated she did not contribute $8,515 in charitable contributions as reported on her tax return. Regarding the 2014 federal income tax return prepared by NATHAN, witness AB stated she provided NATHAN with documentation for her charitable contributions of church $805 and payroll charitable deduction of $26. She did not provide any statements or documents to support the $12,852 in charitable contributions reported on her tax return.

5

11. Twenty-six of the tax returns included in this report claimed fraudulent non-refundable education credits. Fifteen of the witnesses (CB, SB, KB, LC, FD, BG, LH, LJ, NJ, SJ, LM, PH, KS, AS, KW) stated they did not attend post-secondary education and did not pay for someone else to go to college.

12. Witness SJ had her 2014, 2015, and 2016 federal income tax returns prepared and filed by AVA NATHAN. Witness SJ stated she has never attended any college or post-secondary education facility and never informed NATHAN that she had. During her interview with the Special Agents regarding her tax returns, SJ stated she did not attend Eastern Michigan University as shown on her 2014, 2015, and 2016 federal income tax returns. Since SJ did not attend or pay for anyone to attend college she would not have been eligible for the education credits that were claimed on her tax returns: 2016 ($2,500), 2015 ($2,193), and 2014 ($2,103). SJ stated NATHAN added the education information without her knowledge or consent.

13. Nine of the tax returns included in this report contain fraudulently claimed dependents from four of the witnesses (KB, FD, SJ, PH).

14. Witness PH had his 2014, 2015, and 2016 federal income tax returns prepared by AVA NATHAN. Witness PH stated he didn't know the

6

dependent claimed on his 2014, 2015, and 2016 federal income tax returns. NATHAN told him not to worry about the dependent. NATHAN included the dependent on his federal income tax returns without his consent.

15. Based on all of the fraudulent credits and deductions claimed on the fifty-four federal income tax returns prepared by NATHAN, the additional tax due and owing is $298,264. There were nineteen tax returns for tax year 2014, nineteen for tax year 2015 and sixteen for tax year 2016.

## Probable Cause Title 26 7206(1)

16. NATHAN did not claim gross receipts from Amari Income Tax Service on her 2014 Federal Income Tax Return, line 21 for other income. NATHAN did not report a schedule C business for her tax preparation business. However, Tax Products Group, her refund processor provided documents which reveal that she received $81,415.00 in tax preparation fees.

17. NATHAN did not report income from Amari Income Tax Service on her 2015 Federal Income Tax Return, line 21 for other income. NATHAN did not report a schedule C business for her tax preparation business. Tax Products Group, her refund processor provided

7

documents which reveal that she received $89,584.00 in tax preparation fees.

18. NATHAN did not report income from Amari Income Tax Service on her 2016 Federal Income Tax Return. Tax Products Group, her refund processor provided documents which reveal that she received $101,810.00 in tax preparation fees.

## Conclusion

Based on the forgoing, there is probable cause to believe that Ava Nathan, has committed federal crimes in violation of Title 26 U.S.C. § 7206(2), of aiding and assisting in the preparation of false tax returns and Title 26 U.S.C. § 7206(1) of making and subscribing to false tax returns in her own name.

Jacob Piazza
Special Agent
IRS-Criminal Investigation

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: March 15, 2021

Patricia T. Morris
United Stats Magistrate Judge

8